NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000024
27-NOV-2015
08:36 AM**

NO. CAAP-13-0000024

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEUTSCHE BANK NATIONAL TRUST COMPANY A NATIONAL BANKING
ASSOCIATION AS TRUSTEE FOR GSR 2006-OA1, Plaintiff-Appellee,
v. JOSEPH BILLETE; MARIVEL BILLETE, Defendants-Appellants,
and JOHN DOES 1-20; JANE DOES 1-20, Defendants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(EWA DIVISION)
(DC CIVIL NO. 1RC12-1-6213 )

MEMORANDUM OPINION
(By:  Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendants-Appellants Joseph Billete and Marival
Billete (the **Billetes**) appeal from the Judgment for Possession
and Writ of Possession, both entered on November 15, 2012, in
favor of Plaintiff-Appellee Deutsche Bank National Trust Company,
a National Bank Association, as Trustee for GSR 2006-OA1
(**Deutsche Bank**), in the 'Ewa Division of the District Court of
the First Circuit (**District Court**),[1] as well as the District
Court's:  (1) Order 1) Denying [the Billetes'] Motion to Dismiss
for Lack of Subject Matter Jurisdiction filed September 18, 2012
2) Granting [Deutsche Bank's] Motion for Summary Judgment and
Writ of Possession filed September 20, 2012, which was filed on
November 15, 2012 (**Order Denying Motion to Dismiss**); and (2)
Order Denying [the Billetes'] Motion to Reconsider the Court's

---

[1]     The Honorable Michael K. Tanigawa presided.

Order (1) Denying [the Billetes'] Motion to Dismiss for Lack of Subject Matter Jurisdiction, and (2) Granting [Deutsche Bank's] Motion for Summary Judgment and Writ of Possession filed November 28, 2012, which was filed on January 8, 2013 (**Order Denying Reconsideration**).

BACKGROUND FACTS

This case involves a property in Ewa Beach, Hawaiʻi 96706 (**the Property**), that the Billetes acquired in 2000. In 2006, as consideration for a loan, the Billetes granted HCL Finance, Inc. (**HCL**) a mortgage on the property and signed a promissory note for $530,000. The mortgage stated that "'MERS' is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument." It appears that HCL dissolved in 2009.

On September 16, 2009, an Assignment of Mortgage was recorded in the State of Hawaiʻi Land Court System in which MERS "solely as nominee for HCL Finance, Inc." assigned the rights in the mortgage to Deutsche Bank as Trustee for GSR Mortgage Loan Trust 2006-OA1 (**the Trust**). Also on September 16, 2009, Deutsche Bank filed a Notice of Mortgagee's Intention to Foreclose Under Power of Sale in the Bureau of Conveyances. The notice was sent by certified mail to the Billetes, was posted on the subject property, and was published once a week for three successive weeks in the Honolulu Star-Bulletin. A non-judicial foreclosure sale was postponed until April 29, 2010 with postponement announced by crying out the postponement date at the time and place of the scheduled auction. Notices of Continuance of Sale were also sent by certified mail to the Billetes. At the auction, the property was sold to Deutsche Bank as Trustee for the Trust for $499,500. On July 14, 2010, counsel for Deutsche Bank sent a letter to the Billetes, demanding that they vacate the Property, which they refused to do. Deutsche Bank recorded a Mortgagee's Quitclaim Deed Pursuant to Power of Sale in the Land Court on July 5, 2012. On the same day, a Transfer Certificate

of Title (**TCT**) No. 1044607 was issued transferring ownership to Deutsche Bank. On August 24, 2012 Deutsche Bank filed a Verified Complaint for Summary Possession and Ejectment in the District Court.

The Billetes filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction on September 18, 2012, attaching a joint declaration pursuant to District Court Rules of Civil Procedures (**DCRCP**) Rule 12.1.[2] They argued that "[Deutsche Bank] cannot prove superior title to the property as a matter of law, and genuine issues of material fact remain in dispute with respect to who holds superior title in this ejectment action." They alleged, *inter alia*, that because HCL dissolved before the mortgage was transferred to Deutsche Bank as Trustee, "it was legally impossible for HCL, or MERS as nominee, or anyone to have assigned [the] mortgage in September 2009." They also contended that by the terms of the Trust, Deutsche Bank, as Trustee, "had absolutely no authority to accept any new assets, including our mortgage loan, after the Closing Date of said Trust." Thus, they requested that the action be dismissed pursuant to Hawaii Revised Statutes (**HRS**) § 604-5(d) (Supp. 2014).[3]

---

[2] DCRCP Rule 12.1 states:

**Pleadings.** Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

[3] HRS § 604-5(d) states:

(d) The district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question, nor actions for libel, slander, defamation of character, malicious prosecution, false imprisonment, breach of promise of marriage, or seduction; nor shall they have power to appoint referees in any cause.

Deutsche Bank filed a Motion for Summary Judgment and Writ of Possession on September 20, 2012. A hearing on this motion as well as the Billetes' motion to dismiss was held on November 1, 2012. On November 15, 2012, the District Court entered its Order Denying Motion to Dismiss. Also on November 15, 2012, the court entered a Judgment of Possession and a Writ of Possession in favor of Deutsche Bank.

The Billetes filed a motion to reconsider the November 15, 2012 Order on November 28, 2012, based on DCRCP Rule 59(e).[4] The Order Denying Reconsideration was filed on January 8, 2013. The Billetes filed a notice of appeal on January 11, 2013.

I.    POINTS OF ERROR

The Billetes raise the following points of error on appeal:

(1) The District Court erred in denying the Billetes' motion to dismiss and in granting summary judgment and a writ of possession when the Billetes established in their DCRCP Rule 12.1 declaration that title to the Property was in dispute;

(2) The District Court erred in holding (1) that Deutsche Bank's title was conclusive and unimpeachable when the Billetes were then listed as owners in TCT, and (2) that entry of a TCT is purely a ministerial act that does not affect title to the real property; and

(3) The District Court erred in granting Deutsche Bank's motion for summary judgment as material facts were still in dispute.

II.   APPLICABLE STANDARD OF REVIEW

> "The trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard." *Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co.*, 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002) (citation omitted). An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 26 (1992) (citation omitted).

---

[4]    DCRCP Rule 59(e) reads: "Motion to alter or amend a Judgment. A motion to alter or amend the judgment shall be served no later than 10 days after entry of judgment."

<u>Cho v. State of Hawaiʻi</u>, 115 Hawaiʻi 373, 381, 168 P.3d 17, 25 (2007).

III. <u>DISCUSSION</u>

    A.    <u>Appellate Jurisdiction</u>

        The Billetes did not timely appeal from the Order Denying Motion to Dismiss, Judgment for Possession, or Writ of Possession within thirty days as required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1) ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.").[5] It appears, however, that the Billetes attempted to toll the deadline to file their appeal by filing their November 28, 2012 DCRCP Rule 59(e) motion to reconsider. HRAP Rule 4(a)(3) states that:

> If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion[.]

        Nevertheless, DCRCP Rule 59(e) states that a motion to alter or amend a judgment shall be served not later than <u>ten days</u> after entry of the judgment. Thus, the Billetes' November 28, 2012 DCRCP Rule 59(e) motion to reconsider was not timely and did not toll the time limit for filing a notice of appeal from the Judgment of Possession pursuant to HRAP Rule 4(a)(3).[6] "[A]n

---

    [5]     Although it appears that Deutsche Bank had an outstanding claim for monetary damages, "[t]he *Forgay* doctrine is an exception to the finality requirement for appeals and it allows an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved." <u>Ciesla v. Reddish</u>, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995). Here, the November 15, 2012 Judgment for Possession was accompanied by the Writ of Possession commanding the Director of Public Safety, his/her deputy, or any police officer or authorized person to remove the Billetes from the property and put the property into the full possession of Deutsche Bank. Thus, the Judgment for Possession was immediately appealable under the *Forgay* doctrine. <u>Id.</u>

    [6]     As discussed further, the Billetes' motion for reconsideration is better classified as a DCRCP Rule 60(b) motion, rather than a DCRCP Rule 59(e) motion. However, this does not change the fact that their appeal from the Judgment of Possession was untimely. We have previously held that a motion brought under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b), which is the circuit courts' counterpart to DCRCP Rule 60(b), does not toll the deadline to

(continued...)

appellant's failure to file a timely notice of appeal is a jurisdictional defect that can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion." Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1130 (1986) (citation, internal quotation marks, and brackets omitted).

While we do not have appellate jurisdiction to review the November 15, 2012 dispositions, we have jurisdiction over the District Court's January 8, 2013 Order Denying Reconsideration. Although the Billetes' DCRCP Rule 59(e) motion was untimely, we interpret the motion as brought pursuant to DCRCP Rule 60(b)[7] which does not contain a ten day deadline. See Madden v. Madden, 43 Haw. 148, 149-50 (Haw. Terr. 1959) ("the substance of the pleading controls, not the nomenclature given to the pleading"). "An order denying a motion for post-judgment relief under HRCP 60(b) [the circuit courts' counterpart to DCRCP 60(b)] is an appealable final order under HRS § 641-1(a) [(Supp. 2014)]." Ditto v. McCurdy, 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003).

---

[6](...continued)
file a notice of appeal unless it is brought within ten days after the judgment is entered. Lambert v. Lua, 92 Hawai'i 228, 234, 990 P.2d 126, 132 (App. 1999). Thus, whether the motion to reconsider was brought under DCRCP Rule 59(e) or DCRCP Rule 60(b), because it was not filed within ten days after November 15, 2012, it did not extend the time to appeal the Order Denying Motion to Dismiss, Judgment of Possession, or Writ of Possession entered on that date.

[7]   DCRCP Rule 60(b) reads, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Accordingly, the Billetes timely appealed the January 8, 2013 Order Denying Reconsideration.

B. The Billetes' Motion to Reconsider

Pursuant to HRS § 604-5(d), the district courts do not have jurisdiction over actions in which title to real estate comes into question. When a defendant seeks to raise the defense that the district court does not have jurisdiction over the action,

> such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

DCRCP Rule 12.1. The Billetes raised their objection to the District Court's jurisdiction in their September 18, 2012 motion to dismiss, which was accompanied by their joint declaration.

After the court denied the Billetes' motion to dismiss, the Billetes contended in their motion for reconsideration that the denial was in error. The Billetes argued, *inter alia*, that the assignment of the mortgage to Deutsche Bank was "completely void" because the assignment took place after HCL had dissolved and thus it was "legally impossible" for MERS to assign the mortgage as HCL's nominee. They also argued that because the GSR Mortgage Loan Trust 2006-OA1 closed by its own terms on August 24, 2006, Deutsche Bank "had absolutely no authority to accept any new assets, including the subject mortgage loan, after the Closing Date of said Trust." Thus, Deutsche Bank's chain of title was purportedly broken, the Billetes had superior title, and the dispute over title to the property mandated dismissal of the action in the District Court.

In response, Deutsche Bank submitted a certified copy of TCT No. 1044607, which states on its face that it was issued on July 5, 2012. HRS § 501-88 (2006): Certificate as evidence, provides that:

> The original certificate in the registration book, and any copy thereof duly certified under the signature of the registrar or assistant registrar, and the seal of the court,

> shall be received as evidence in all the courts of the State and shall be conclusive as to all matters contained therein, except as otherwise provided in this chapter.

Further, HRS § 501-118 (2006) reads, in part, "[a]fter a new certificate of title has been entered, no judgment recovered on the mortgage note for any balance due thereon shall operate to open the foreclosure *or affect the title to registered land.*" (Emphasis added). Based on these statutes, the Hawai'i supreme court in Aames Funding Corp. v. Mores held that after the issuance of a certificate of title, title to the subject property becomes conclusive and unimpeachable. 107 Hawai'i 95, 102-03, 110 P.3d 1042, 1049-50 (2005). Thus, despite the Billetes' contentions that a dispute over the title existed, Deutsche Bank's TCT was conclusive evidence of title.

In their motion for reconsideration and on appeal, the Billetes argue that Aames is distinguishable because in the present case, "[t]he record below does not establish that a new TCT was entered prior to Appellants contesting title in their Motion to Dismiss[.]" The record on appeal includes a declaration by the Billetes' counsel, Ericka Shea Hunter (**Hunter**), stating that on September 14, 2012, she had gone to the Bureau of Conveyances and requested copies of both the Billetes' TCT (Certificate No. 559741) and Deutsche Bank's TCT (Certificate No. 1044607). According to Hunter, the clerk at the Bureau told her that Deutsche Bank's TCT "had not yet been entered into the system" and wrote "Has not been entered" on the request form.

Nevertheless, it appears that the "issuance" of the transfer certificate of title, and not the date the certificate becomes searchable in the Bureau of Conveyances, is the date on which title becomes conclusive under Aames. In Aames, the court noted that the defendants' assertions that title was disputed and the district court lacked jurisdiction "came after, and not prior to, the Land Court's *issuance* of TCT No. 587,098. Accordingly, title to the subject property in [plaintiff] became 'conclusive and unimpeachable.'" Aames, 107 Hawai'i at 102-03, 110 P.3d at 1049-50 (emphasis added). Here, Deustche Bank's TCT stated that it was issued on July 5, 2012. Thus, as in Aames, Deutsche

8

Bank's title was conclusive and unimpeachable as of the date its TCT was issued, which was before the Billetes asserted that title was in dispute.

We therefore conclude that the District Court did not abuse its discretion in denying the Billetes' motion to reconsider.

IV. CONCLUSION

For these reasons, we dismiss the Billetes' appeal as to the November 15, 2012 Order Denying Dismissal, Judgment of Possession, and Writ of Possession, and affirm the District Court's January 8, 2013 Order Denying Reconsideration.

DATED: Honolulu, Hawai'i, November 27, 2015.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
Katherine Holstead
for Defendants-Appellants
(on the opening brief); and
Daniel J. O'Meara
(with above on the reply brief)

Charles R. Prather
Sofia Hirosane McGuire
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge